Mr. Chief Justice Cartter
delivered the opinion of the court.
The plaintiffs, who were grocers doing business in this District, brought their action against Mrs. Margaret E. Dangler before a justice of the peace, to recover for groceries supplied to her, amounting to $24. The summons was issued and served, and, there being no appearance, judgment was taken by default. Upon that judgment an attachment was issued against the credits of the defendant. Thereupon a motion was made to quash the attachment, which was granted, and an appeal was taken to this court. Whether the motion should prevail or not depends entirely upon the validity of the judgment obtained against Mrs. Dangler. If the judgment was valid, the process upon it by attachment must be sustained. On the other hand, if *316 the judgment is void, void so as to be worthless even in a collateral proceeding, the process in attachment cannot be supported.
It is not denied that at the time the judgment was obtained the defendant was a married woman and had a husband living; but it is claimed that she had a separate estate, and that with regard to it she is to be treated as a feme sole, and may be sued as if she were such.
But the chief, and in fact the only difficulty in the case, is that there is nothing whatever in the record to show the character in which the defendant was sued. The plaintiffs came into court asking judgment against a married woman, without an explanation descriptive of her position as to her property, and a judgment was given them. It is true that disabilities are generally to be presented by the defendant in the pleadings; that they are to be set up as matter of defence, and that it is not ordinarily necessary to anticipate such defence in the complaint or declaration. But by the weight of modern authority, suits against married women, in respect of their separate estate, have been treated as an exception to this general rule; and it is held that there ought to be a 'manifestation of the character in which the defendant is sued.
We think that this exception to the general rule of pleading must prevail in this court. A feme covert may, under certain circumstances, be sued under our statute as though she were a feme sole; and it seems reasonable to require that the facts necessary to support this statutory right of action against her should appear in the record. The declaration or complaint should show that she is a married woman having a separate estate, and that she has, by reason of some contract having relation to it, become liable to satisfy a judgment against her out of that estate. The judgment against her is not a personal one purely, but one to be satisfied out of her separate estate; and the record should show this; otherwise the judgment is void and may be so treated whenever it is met.
It is not contended that the record here shows anything *317 of this sort, and therefore the ruling of the court below quashing this attachment must be affirmed.